HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAWRENCE SHERMAN,

        Plaintiff,

   v.

JOHN POTTER, in his capacity as
Postmaster General of the United States,

        Defendant.

CASE NO. C08-1533RAJ

ORDER

This court issues this order to resolve issues remaining from Defendant's summary judgment motion, which the court initially granted on March 14. Dkt. # 66. The court vacated that order when it decided to accept Plaintiff's late-filed evidence, and granted his motion for reconsideration on June 28. Dkt. # 81. Defendant then moved for reconsideration, claiming among other things that the court should have addressed two peripheral issues that it raised in its motion for summary judgment, but that the court had no need to address in light of its original decision to grant that motion. In an August 4 order, the court stated that it would resolve those issues in a separate order.

As the court has recounted in numerous orders, Plaintiff Lawrence Sherman was once an employee of the United States Postal Service, an agency that Defendant John Potter heads. For simplicity, the court refers to Defendant as "USPS." Rather than review all of the twists and turns in Mr. Sherman's convoluted employment history, the

ORDER – 1

court notes that USPS initially fired him in November 2006 for allegedly misusing mail to support a claim that he had been the subject of unlawful discrimination. Mr. Sherman soon thereafter filed an EEOC complaint contending that he was fired in retaliation for raising his discrimination claims.

USPS's summary judgment motion raised several issues that were not dispositive of any claim. It is permitted to do so, because a court can grant summary judgment on any part of a claim or defense. Fed. R. Civ. P. 56(a). The issues USPS raised fall into two categories: whether some of the acts that Mr. Sherman contends are retaliatory are beyond the scope of this lawsuit, and second, whether the court should limit aspects of the damages Mr. Sherman seeks.

As to the first category, USPS contends that two of its acts are beyond the scope of Mr. Sherman's retaliation claim: reporting to Washington's Employment Security Department ("ESD") that it terminated Mr. Sherman for misconduct, and posting a security warning bearing Mr. Sherman's picture at the facility at which Mr. Sherman once worked. Both acts occurred shortly after USPS terminated Mr. Sherman. According to Mr. Sherman, USPS reported his alleged misconduct to the ESD in early 2007 in an effort to ensure that Mr. Sherman did not receive unemployment benefits. At the time, USPS had terminated Mr. Sherman's employment, although it ultimately reversed that decision in mid-2007 when Mr. Sherman prevailed in a union grievance.

USPS insists that Mr. Sherman's retaliation claim is limited to the conduct he described in the EEOC complaint that he filed shortly after USPS terminated him in November 2006. The court has addressed this issue once before, in a December 2009 order denying USPS's motion to dismiss. Dkt. # 29. There, the court rejected USPS's narrow view of the scope of a retaliation claim. The court cited *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002), where the Ninth Circuit explained that unlawful acts "not included in an EEOC charge" are nonetheless within the scope of the lawsuit so long

ORDER – 2

as they are "like or reasonably related to the allegations contained in the EEOC charge." The court noted that *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), places limitations on which acts occurring prior to an EEOC charge can fall within the scope of that charge. Those limitations do not, however, apply to acts like the ones Mr. Sherman hopes to raise, which occurred *after* he filed his EEOC charge.

USPS's decision to post what amounts to a banishment order with Mr. Sherman's photo at its facility is indistinguishable from its decision to terminate him. While some employers merely end a worker's employment and move on, USPS allegedly posted a notice at its facility falsely declaring to his former co-workers and any member of the public that Mr. Sherman was a security threat. A factfinder may consider whether this aspect of USPS's termination decision caused additional damages to Mr. Sherman.

USPS's decision to accuse Mr. Sherman of misconduct before the ESD is also closely related to its termination decision. A factfinder could conclude that USPS was not content merely to terminate Mr. Sherman, but instead pursued a scorched-earth campaign to inflict as much damage as it could to Mr. Sherman's economic livelihood. This is not the only conclusion a factfinder might reach, but the court cannot foreclose the possibility on summary judgment.

The acts that Mr. Sherman points to are closely related to USPS's termination decision, and a factfinder could conclude that they would deter a reasonable employee from engaging in the protected activity of making an EEOC charge. No more is required. *See Lyons*, 307 F.3d at 1104 (noting that acts are within scope of EEOC charge if they could reasonably be expected to fall within the scope of an EEOC investigation into the charge); *see Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000) (explaining that adverse employment action for purposes of a retaliation claim is any act that "is reasonably likely to deter employees from engaging in protected activity").

ORDER – 3

USPS also hopes to limit Mr. Sherman's damage claims. It contends that because Mr. Sherman's termination lasted only from December 2006 to March 2007, and he received backpay after USPS reinstated him, his damages should be limited. A factfinder must certainly consider the duration of Mr. Sherman's "temporary" termination, and it must certainly consider any backpay he received. This does not mean, however, that Mr. Sherman cannot look outside this window in time to support his damage claims. He may not be able to support a claim for lost wages, but he may certainly attempt to prove that he suffered emotional damages or other damages arising from his termination but extending beyond that time window. Similarly, a factfinder will no doubt consider Mr. Sherman's attempt to voluntarily leave his employment in June 2008 for medical reasons to be relevant to any claim for lost wages or benefits. The court finds no reason, however, to grant summary judgment somehow limiting a factfinder's consideration of these issues. The factfinder will follow the law in assessing damages. USPS is entitled to no more.

The court declines to make any decision regarding the effect of USPS's second decision to terminate Mr. Sherman in 2009. This time, USPS's stated reason was the ESD's finding that Mr. Sherman had improperly collected unemployment benefits even after he began receiving pay from USPS after his reinstatement. Since USPS filed its motion for summary judgment, Mr. Sherman was apparently convicted in Pierce County Superior Court of first-degree theft for that conduct. If Mr. Sherman intends to claim any damages that he incurred after January 2009, he shall inform USPS. If Mr. Sherman does so, USPS may, in motions in limine, reassert its contention that the court should bar any claim to damages arising after January 2009. This will ensure that the both parties have a chance to address recent developments relevant to this issue.

Finally, USPS asserts that it is immune as a matter of law from Title VII punitive damage claims. Every federal court of appeals to consider the issue has adopted USPS's

ORDER – 4

position.  *E.g.*, *Baker v. Runyon*, 114 F.3d 668, 671-72 (7th Cir. 1997); *Robinson v. Runyon*, 149 F.3d 507, 517 (6th Cir. 1998).  So far as the court is aware, the Ninth Circuit has not considered the issue.  So far as the court is aware, however, every district court within the Ninth Circuit that has considered the issue has found USPS immune from Title VII punitive damages.  *E.g.*, *Cleveland v. Runyon*, 972 F. Supp. 1326, 1330 (D. Nev. 1997); *Golez v. Potter*, No. 09cv965 BTM(WMc), 2010 U.S. Dist. LEXIS 69195, at *7 (S.D. Cal. Jul. 12, 2010).  Mr. Sherman makes no effort to argue that USPS can be liable for punitive damages.  He instead concedes that "USPS is likely correct that punitive damages will not be available . . . ."  Pltf.'s Opp'n (Dkt. # 24) at 24.  The court concludes that Mr. Sherman has waived any punitive damages claim.

DATED this 31st day of August, 2011.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5